UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE INDEPENDENT ASSOCIATION OF 100 PERCENT CHIROPRACTIC FRANCHISEES,<br>Plaintiff,<br>v.<br>TACTIC FRANCHISING, LLC; *et al.*,<br>Defendants. | Case No.: 25-cv-3456-BJC-SBC<br>**ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR PRELIMINARY INJUNCTION AS MOOT**<br>**[ECF No. 8, 21]** |

Before the Court is The Independent Association of 100 Percent Chiropractic Franchisees' ("Plaintiff") Motion for Preliminary Injunction. ECF No. 8. Tactic Franchising, LLC and 100 Percent Epic (collectively "Defendants") also filed a Motion to Dismiss. The parties have filed oppositions and replies. The matter is submitted on the briefs without oral argument. *See* Civ. L. R. 7.1(d)(1). For the reasons set forth below, the Court **GRANTS** the Motion to Dismiss and **DENIES** the Motion for Preliminary Injunction as moot.

## I. BACKGROUND

This case involves three different parties: Plaintiff, The Independent Association of 100% Chiropractic Franchisees ("IAOCF"), and Defendants Tactic Franchising LLC ("Tactic") and 100% Epic, LLC ("Epic"). Tactic is the franchisor of a national chiropractic franchise system. ECF No. 1 at 1. As franchisor, Tactic sells the right to operate a

chiropractic and wellness clinic under its brand (100% Chiropractic). *Id.* at 5. Epic is Tactic's affiliated entity and provides insurance billing to Tactic's franchisees in exchange for a percentage of the franchisees' revenues. *Id.* at 3. IAOCF is an association that is comprised of Tactic's franchisees.

According to the Complaint, each IAOCF member entered into franchise, management, and billing agreements with the Defendants (collectively, the "Arrangement"). *Id.* at 7. Under the Arrangement, Tactic agreed to provide Plaintiff's member franchisees with various services, including marketing and advertising to generate patient care business. *Id.* In exchange, the franchisees were required to pay Epic a fixed percentage of their revenues. *Id.* at 8. Importantly, the franchisees provide services that are reimbursable by federal health care programs, including Medicare and Medicaid. *Id.* at 8. Therefore, the revenue payments made to Epic include amounts that are attributable to Medicare and Medicaid reimbursed services. *Id.* Plaintiff alleges that Tactic's marketing and advertising services, when combined with revenue-based compensation, create a financial incentive for Tactic to generate additional patient-care business and, consequently, additional reimbursable services. *Id.*

On December 7, 2025, Plaintiff filed this Complaint, seeking declaratory judgment, and arguing that Defendant's fee-splitting provision violates the Anti-Kickback Statute ("AKS"), 42 U.S.C. § 1320a–7b(b)(1). *See* ECF No. 1. On December 23, 2025, Plaintiff also filed a motion for preliminary injunction, asking the Court to stay "all currently pending and threatened arbitration and court actions involving Tactic." ECF No. 8-1 at 29. On January 13, 2026, Defendant filed a response in opposition, ECF No. 17, and on January 29, 2026, Plaintiff filed a reply. ECF No. 20.

On February 6, 2026, Defendant filed a Motion to Dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that the Court lacks subject matter jurisdiction. ECF No. 21. On February 27, 2026, Plaintiff filed a response, ECF No. 22, and on March 6, 2026, Defendant filed a reply. ECF No. 23.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction over civil actions. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The burden of establishing the contrary rests upon the party asserting jurisdiction. *Id.* Because subject matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived. *United States v. Cotton*, 535 U.S. 625, 630 (2002). Accordingly, lack of subject matter jurisdiction may be raised by either party at any point during the litigation, through a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006); *see also Int'l Union of Operating Eng'rs v. Cty. of Plumas*, 559 F.3d 1041, 1043–44 (9th Cir. 2009).

A party has two methods to challenge subject-matter jurisdiction—a facial or factual attack. "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). By contrast, a factual attack "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* For these challenges, courts "need not presume the truthfulness of the plaintiff's allegations" and can "review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* (citation omitted). Dismissal under Rule 12(b)(1) is warranted "'where the alleged claim under the [C]onstitution … clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such claim is wholly insubstantial and frivolous.'" *Id.* (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946).

If a plaintiff fails to establish subject matter jurisdiction, "the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Tosco Corp. v. Communities for a Better Evn't*, 236 F.3d 495, 499 (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)). Where the plaintiff cannot cure a jurisdictional defect by amendment, the court may dismiss the complaint without leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

# III. DISCUSSION

Plaintiff filed the Complaint, seeking declaratory judgment, and asked the Court to declare that the Arrangement is void and unenforceable under the AKS. ECF No. 1 at 9. Defendant argues that this Court lacks subject matter jurisdiction because Plaintiff's breach-of-contract claim arises under state law. ECF No. 21 at 7. Defendant further contends that the AKS provides only a federal defense and that reliance on federal law as a defense to a state-law claim is insufficient to establish federal jurisdiction. *Id.* Defendant also argues that Plaintiff lacks standing and that the Complaint fails to state a claim upon which relief can be granted. *Id.* Plaintiff opposes dismissal, maintaining that the central issue is whether the Agreement violates a federal statute. ECF No. 23 at 6.

## A. Subject Matter Jurisdiction Under 28 U.S.C. § 1331

Under 28 U.S.C. § 1331, federal courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case arise[es] under federal law within the meaning of § 1331 . . . if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006) (quoting *Cook Inlet Region, Inc. v. Rude*, 690 F.3d 1127 (9th Cir. 2012)).

Under the Declaratory Judgment Act , if a federal Court has jurisdiction, it "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C.A. § 2201. Importantly, "[t]he use of the declaratory judgment statute does not confer jurisdiction by itself." *Janakes v. U.S. Postal Serv.*, 768 F.2d 1091, 1093 (9th Cir. 1985) (citations omitted). Instead, a court may issue declaratory relief only if an independent basis for subject-matter jurisdiction exists. *Id.* ("The use of the declaratory judgment statute does not confer jurisdiction by itself if jurisdiction would not exist on the face of a well-pleaded complaint brought without the use of 28 U.S.C. § 2201.") Therefore, "[a] declaratory judgment plaintiff may not assert a federal question in his complaint if, but for the declaratory

judgment procedure, that question would arise only as a federal defense to a state law claim brought by the declaratory judgment defendant in state court." *Janakes v. U.S. Postal Serv.*, 768 F.2d 1091, 1093 (9th Cir. 1985) (citations omitted).

The statute at issue, the AKS, prohibits the knowing and willful payment or receipt of remuneration to induce referrals or purchases of healthcare goods or services reimbursed by a federal healthcare program. 42 U.S.C. § 1320–a–7b(b)(2). "[T]he statute does not provide for a private right of enforcement." *United States ex rel. Dunlap v. Alaska Radiology Assocs., Inc.*, 2017 WL 6048167, *4 (D. Alaska Mar. 31, 2017). Therefore, "[o]nly the Government may bring a civil or criminal action to enforce violations of the Anti-Kickback Act." *United States ex rel. Bashir v. Boeing Co.*, 765 F. Supp. 3d 1111, 1140 (W.D. Wash. 2025). However, plaintiffs who seek relief pursuant to the AKS may proceed through the False Claims Act ("FCA") as qui tam relators. *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 995 (9th Cir. 2010) ("To encourage insiders to disclose fraud and thereby bolster enforcement, the FCA contains a qui tam provision that permits private persons (known as "relators") to bring civil actions on behalf of the United States and claim a portion of any award."). To state an FCA claim, a relator must allege with particularity: '(1) a false statement or fraudulent course of conduct, (2) made with scienter, (3) that was material, causing (4) the government to pay out money or forfeit moneys due.'" *United States ex rel. Everest Principals, LLC v. Abbott Lab'ys, Inc.*, 622 F. Supp. 3d 920, 930 (S.D. Cal. 2022) (quoting *U.S. ex rel. Hendow v. Univ. of Phx.*, 461 F.3d 1166, 1174 (9th Cir. 2006)).

Here, the Court does not have subject matter jurisdiction. As previously explained, the AKS does not provide Plaintiff with a private cause of action. *United States ex rel. Dunlap*, 2017 WL 6048167 at *4 (holding that "the [Anti-Kickback] statute does not provide for a private right of enforcement, and the Court therefore cannot award damages beyond those authorized under the FCA."). ECF No. 1 at 2. Plaintiff filed this action on behalf of the association itself; it did not bring the action under the FCA as a qui tam relator on behalf of the United States. Plaintiff fails to identify any other basis for federal

jurisdiction. Accordingly, the Court lacks subject matter jurisdiction over Plaintiff's claim.

## IV. CONCLUSION

For the foregoing reasons, the Court lacks subject matter jurisdiction and therefore **GRANTS** Defendants' Motion and **DISMISSES** Plaintiff's Complaint without prejudice. Because the Court lacks jurisdiction, it need not address Defendants' remaining arguments, including whether Plaintiff has standing or whether the Complaint states a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.") (quotation omitted). Plaintiff's Motion for Preliminary Injunction is also **DENIED** as moot. Plaintiff may file a second amended complaint by close of business on October 27, 2026.

**IT IS SO ORDERED.**

Dated: September 28, 2026

Honorable Benjamin J. Cheeks
United States District Judge